# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Virginia Giuffre ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 15-cv-07433-RWS |
| Ghislaine Maxwell ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   Paul Cassell, Esq. University of Utah 383 University Street
Salt Lake City, UT 84112

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Laura Menninger c/o Brown Bradshaw & Moffat, LLP<br>10 West Broadway, Ste. 210<br>Salt Lake City, UT 84101 | Date and Time:<br><br>June 6, 2016 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   05/23/2016

*CLERK OF COURT*

OR   _/s/ Jeffrey S. Pagliuca_

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ghislaine Maxwell
_____, who issues or requests this subpoena, are:
Laura A. Menninger Haddon, Morgan and Foreman, P.C. 150 East 10th Ave. Denver, CO 80203 303.831.7364
lmenninger@hmflaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15-cv-07433-RWS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "Any" means any and all.

2. "You" or "Your" means Paul Cassell, any firm with whom You have been affiliated in the relevant time period, and anyone acting on Your behalf, and any employee, agent, attorney, consultant, assignee, related entities or other representative of You.

3. "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting, or purporting to act, at the discretion of or on behalf of another.

4. "Document" is intended to be defined as broadly as permitted by Rule 34 and includes every writing or record of every type and description that is or has been in Your possession, custody or control, or of which You have knowledge, including but not limited to, emails, text messages, instant messages, videotapes, photographs, notes, letters, memoranda, forms, books, magazines, resumes, notebooks, ledgers, journals, diaries, calendars, appointment books, papers, agreements, contracts, invoices, analyses, transcripts, plaques, correspondence, telegrams, drafts, data processing or computer diskettes and CD disks, tapes of any nature and computer interpretations thereof, instructions, announcements, and sound recordings of any nature. "Document" also means all copies which are not identical to the original document as originally written, typed or otherwise prepared. The term "Document" shall also include all documents of any nature that have been archived or placed in permanent or temporary storage including electronic storage.

5. "Communication" means any transmission or exchange of information between two or more persons, orally or in writing or otherwise, and includes, but is not limited to, any correspondence, conversation or discussion, whether face-to-face, or by means of telephone, email, text message, electronic message via apps such as Facebook, What's App, Snapchat, LinkedIN or similar, or other media or Documents.

6. "Virginia Roberts Giuffre" means Virginia Giuffre, formerly known as Virginia Roberts, date of birth August 9, 1983, the Plaintiff in the above captioned matter.

7. "Identify" means to specify as to a "Person," the name, address, telephone number and any other identifying information possessed by You.

8. "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

9. Regardless of the tense employed, all verbs should be read as applying to the past, present and future, as is necessary to make any paragraph more, rather than less, inclusive.

10. With respect to any Documents withheld on the basis of a privilege, provide a log consistent with Local Rule 26.2 of the Federal Rules of Civil Procedure for the Southern District of New York.

## INSTRUCTIONS

1. Production of documents and items requested herein shall be made Laura Menninger, Haddon, Morgan & Forman, PC, no later than June 6, 2016, at 5:00 p.m. Alternatively, you may provide the records electronically by that date and time to Laura Menninger at LMenninger@HMFLaw.com or by such other method as agreed upon with counsel for the subpoenaing party.

2. This Request calls for the production of all responsive Documents in your possession, custody or control without regard to the physical location of such documents.

3. If any Document was in your possession or control, but is no longer, state what disposition was made of said Document, the reason for the disposition, and the date of such disposition.

4. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

5. Any copy of a Document that is not identical shall be considered a separate document.

6. All Documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of business.

7. Responsive electronically stored information (ESI) shall be produced in its native form; that is, in the form in which the information was customarily created, used and stored by the native application employed by the producing party in the ordinary course of business.

8. Defendant does not seek and does not require the production of multiple copies of identical Documents.

9. Unless otherwise specified, the time frame of this request is from 2005 to present.

10. This Request is deemed to be continuing. If, after producing these Documents, you obtain or become aware of any further information, Documents, things, or information responsive to this Request, you are required to so state by supplementing your responses and producing such additional Documents to Defendant.

**DOCUMENTS TO BE PRODUCED**

1. All Documents produced to You by the opposing party or pursuant to F.R.Civ.P. 45 in *Edwards and Cassell v. Dershowitz*, 15-000072, (17th Judicial District, Broward County, Florida).

2. All Documents produced by You to the opposing party in *Edwards and Cassell v. Dershowitz*, 15-000072, (17th Judicial District, Broward County, Florida).

3. All Documents or discovery responses produced to You by the opposing party in *Jane Doe #1 et al. v. United States*, 08-cv-80736-KAM (U.S. District Court, Southern District of Florida).

4. All engagement letters by or between You and Virginia Giuffre.

5. All joint defense agreements or common interest agreements to which You are a party that relate in any manner to any case, claim, cause of action, investigation, or other proceeding in which Virginia Roberts Giuffre is involved in any manner, as a party, potential witness, or otherwise.

6. All joint defense agreements or common interest agreement to which Virginia Roberts Giuffre is a party.

7. All Documents relating to Your formation of, association with, or work on behalf of Victims Refuse Silence, Inc.

8. All Documents relating to any disclosures made by You to Victims Refuse Silence, Inc., or any person associated with Victims Refuse Silence, Inc.

9. All Documents concerning any investigation by any law enforcement agency that refer to Ghislaine Maxwell.

10. All Documents concerning any contracts or agreements between you and any other individual or entity that concern the publication of information related to any claim by Virginia Giuffre, fka Virginia Roberts that she was a victim of sexual abuse.

11. All Documents or communications that You have had with any journalist, reporter, producer, author, director, or any employee or agent of the same, including without limitation Sharon Churcher, which relate or refer to Virginia Giuffre, Ghislaine Maxwell or Jeffrey Epstein.

12. All documents or communications concerning any payments made to you arising out of your representation of Virginia Roberts Giuffre or Victims Refuse Silence.

13. All documents or communications concerning any payments to you, Virginia Roberts Giuffre, or Victims Refuse Silence from or on behalf of any media organization. The term "media organization" means "a person or entity engaged in disseminating information to the general public through a newspaper, magazine, other publication, radio, television, cable television, or other medium of mass communication." 2 USCS § 1602.

14. Please make available for inspection and copying the original of all photographs in your possession of Virginia Roberts Giuffre, including, but not limited to, all photographs appearing in any court papers, printed in any media publication or provided to any media organization.